Dunkikt, Ch.,
delivered the opinio,?. of the Court,
*19 It is not doubted that Courts of Law, as well as of Equity, have authority to correct their own records.
The expediency of exercising the power must necessarily depend upon circumstances. In Wallis vs. Thomas, (7 Ves. 292,) although the decree had been passed and entered, the Court entertained an application'to rectify a clerical error which had crept into the decree : and in several other cases the Court has extended the indulgence of rectifying decrees in which there have been clerical mistakes, to decrees which have been actually enrolled. (Coop. Rep. 134.) And in Spearing vs. Lynn, (2 Vern. 376,) leave was given to amend the title of an order which appears to have been enrolled, although the effect of the alteration was to charge a surety who had been sued at law under the order, and relying upon the mistake in the title of the order, had pleaded that there was no such order. See Danl. Prac. 1233..
The error now sought to be amended was not only purely clerical, but it was entirely imimportant. The proceeding was by the' wards, against their former guardian, for an account. For the purposes of the case, the amount of the bond was not only immaterial, but it was equally immaterial whether he had given any bond at all. His undertaking the office and the receipt of their funds were sufficient to charge him. The recovery might have been for five times the amount of his guardianship bond. Why it should have been deemed necessary to recite the fact of giving the bond, is not very clearly perceived. The surety was no party to the proceeding. Still the recital was not irregular, and the complainants only seek to rectify the clerical error, so that the recital may be in conformity with the fact. The records of the registry afford the means of shewing the error and of correcting it.
The recovery against the defendant Ewart, who alone is entitled to be heard in the case, is less than one-fourth of either of his bonds.
- We are of opinion that the order submitted by the complain *20 ants’s solicitor should have been granted, and it is now so ordered and decreed.
Johnston, C., concurred.

Motion granted.